## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

JOSEPH CHHIM,                       §
                                    §
              Plaintiff             §
                                    §
V.                                  §        CIVIL ACTIO No.
                                    §
CITY OF HOUSTON, and                §        JURY DEMAND
Luna Nelson in the official capacity, §
                                    §
              Defendant,            §

### PLAINTIFF ORIGINAL COMPLAINT

#### Introduction

This action seeks injunctive relief, damages, attorney fees and cost to

redress the deprivation of Plaintiff's right to bee from national origin, race and

color discrimination and to bee from retaliation for filing charges of dicremation claim.

#### Jurisdiction

1.     Plaintiff invokes this Court's jurisdiction under 28 U.S.C. § 1331 on ground

that this action arises under the Constitution and Laws of the United State. Plaintiff

invokes this Court's jurisdiction under Title VII of the Civil Act of 1964, as amended,

42 U.S.C. § 2000 et seq .; 42 U.S.C. §§ 1881, 1981 a et seq.; and 42 U.S.C. § 1988.

2.     The venue of this action is properly places in the United States District

Court of the Southern District of Texas because Plaintiff's claim arise in the district, in

that the acts complained of occurred in the district.

## Parties

3.      Plaintiff is an adult citizen of the United States of Texas and of the United States. Plaintiff's national Origin is Cambodian, his color is brown and his race is Asian. Plaintiff is member of a protected class and his characteristics differed from those of the predominant race of those he was required to report to. Plaintiff was a resident of the City of Houston and been employed of the City of Houston at all times material to the allegations set fort in this complaint.

4.      City of Houston, defendant, is a municipality situated in Harris County, Texas. The City of Houston was an "employer" of the Plaintiff within the meaning of 42 U.S.C. §2000e (a) and (b), and may be involved within the meaning of the applicable and states statutes. The City of Houston employs more than 501 employees. The City of Houston has previously answered and is before the Court.

5.      Defendant, Luna Nelson, is employee of the City of Houston. In her official capacity she has been Senior Human Resources of the City of Houston , and she was the person who has been denying to rehire Plaintiff. The foregoing Defendants were at all times material to this action generalist senior human resources/or agent of the City of Houston. He has been herein in her official official capacity and is referred to directly by name.

## Administrative Procedures

6.      Plaintiff file a charge of employment discrimination against the City of Houston with the Equal Employment Opportunity Commission ('EEOC") dated filed on or about

2

3       Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C.

§ 1367 over Plaintiff's pendent state claims arising under the Texas Commission on Human

Rights Act ("TCHRA"), Texas Labor Code §21.051, et seq.because such claims are so related

to  the claims within  the Court's original jurisdiction that they form part of the same case or

controversy under Article 3 of the United States Constitution. As Plaintiff's cause of action

arise under  federal statutes: the Age Discrimination in Employment Act ("ADEA") (29 U.S. C.

§621 et seq.)and Title VII of the Civil Rights  Act of 1964, as amended , 42 U.S.C. §§ 2000e-

-2(a), 2000e-3(a).

Discrimination  in Employment Act ("ADEA") (29 U.S.C. ·§ 621 et seq.) and Title VII of"

the Civil Rights Act, as amended , 42 U.S.C. §§ 2000e-2(a). 2000e-3(a).

4.       Venue is proper in the Southern  District of Texas, Houston Division pursuant to

28 U.S.C. § 139 (a) because this is the judicial district in which a substantial part of the

events or omissions  giving rise to the claim occurred.

**NATURE OF THE ACTION**

5.       This is an action against Defendant pursuant to the Age Discrimination  in

Employment Act ("ADEA") (29 U.S.C. § 621 et seq.);  Title VII of the Civil Rights

Act, as amended. 42 U.S.C. § 2000e-2(a) and the Texas Commission on the Human Rights

Act ("TCHRA"), Texas Labor Code § 21.051, et seq on  grounds that Plaintiff was

discriminated against because of  his national  origin (Cambodian), age (seventy-four (74) ),

and in retaliation for complaining to Defendant and the EEOC about national origin and age

discrimination.

3

## EXHAUTION OF ADMINISTRATIVE REMEDIES

6.      On October 28, 2019, Plaintiff filed a charge of discrimination based on national origin discrimination, age discrimination, and retaliation with U.S. Equal Employment Opportunity Commission ; Charge No. 460-2020-0050. This charge was related to ongoing discrimination. Subsequently, on October 28, 2019, the U.S. Equal Opportunity Commission ("EEOC") issued Plaintiff his Notice of Rights Sue. See **Exhibits A and B**. Plaintiff filed this lawsuit within ninety (90) days of receiving his Notice of Rights to Sue and his lawsuit is,suit is, therefore, timely filed

## FACTS

7.      Plaintiff has arrived in the United Stated on or about  March, 1981.

8-      He is Cambodian (Asian) and is presently Seventy Four years old (74) of Age.

9.      Plaintiff has completed three years program of Maintenance Technology with 80 .Credit Semester Hours from San Jacinto College. He has  also completed  of Executive Housekeeping  and Supervisory Management with 320 hours from Houston Community College, after coming to the United States in 1981. He began working at City of Houston on October 5, 1981. Plaintiff then became a  U.S. Citizen  in 1987.

10.      After Five years working with City of  Houston Aviation Department   Hobby Airport, he  requested transferring  to the City of Houston Intercontinental Airport as Laborer Building Services. After several  months working as Laborer in Building Services, he was transferred to Physical Plant Maintenance  as Laborer .

4

11.    At Physical Plan Maintenance, Plaintiff several times applied for the position Semi-Skilled

Laborer, but he has been denied and other applicants have been promoted on his behalf.

12.    Because his annual evaluation was satisfied performance and he has related different

training school, and more longevity in Physical Plan Maintenance related experience than the

younger different protected classes who have been promoted over the Plaintiff.

13.    Since then, Plaintiff has received even worse treatment from the City, Physical plan

Maintenance Intercontinental Airport because Plaintiff complained about national origin, and

age discrimination to the City of Houston that Chhim has received even worse treatment

especially with regard to the promotion process.

14.    Because Plaintiff's mental depression, he has seen a doctor to cope with his emotional

distress caused by these events has been described medication that Plaintiff obligated to

resign from the City of Houston in November 16, 1992.

15.    After he resigned from the City because he received a full depression because

employment discrimination, Plaintiff filed a suit styled chhim v. city of Houston, in the

southern district of Texas (Civil Action No. H-93-1634) ("Lawsuit"), in which Chhim make

allegations; Plaintiff, after he resigned from the City of Houston, he filed chhim v. Texas

Workers Compensation Commission at Law No. 2 claiming he received full depression after

Chhim applied and qualified but he was denied to promote and several cases consolidated

which were on appeal to the Fifth Circuit of appeals (Cause No. 94-20037) which is on

the Settlement Agreement (Exhibit - C).

16.    Chhim previously filed Plaintiff's Original Complaint against the City of Houston

about Employment Discrimination and Retaliation and now this case been dismissed after summary judgment was filled by the City of Houston and Chhim appealed to Fifth Circuit of Appeals Court and it continued to U.S. Supreme Court that may be pending at this time.

## COUNT I : TITLE VII NATIONAL ORIGIN DISCRIMINATION

17.   Plaintiff incorporates by references all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

18.   Defendants intentionally engaged in unlawful employment practices involving Plaintiff because of his national origin (Cambodian).

19.   Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's national origin (Cambodian) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## COUNT 2: TCHRA NATIONAL ORIGIN DISCRIMINATION

20.   Plaintiff incorporates by reference all of the forgoing allegations in each of the paragraphs above as if fully set forth herein.

21.   Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his national origin (Cambodian).

22.   Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment, or limited , segregated, or classified

6

Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's national origin (Cambodian) in violation of Texas Labor Code § 21.051.

## COUNT 3:  TITLE VII RETALIATION

23.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

Defendant intentionally retaliated against Plaintiff because he complained to Defendants and the EEOC about national origin discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## COUNT 4: ADEA AGE DISCRIMINATION

24.    Plaintiff incorporates by reference all of the foregoing  allegations  in each of the paragraphs above  as if fully set forth herein.

25,    Defendants intentionally engaged in unlawful employment  practices involving Plaintiff because of his age (Seventy-four (74)  years old).

26.    Defendants discriminated against Plaintiff in connection with compensation, terms, conditions, and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment  opportunity or adversely affect his status because of Plaintiff's age (seventy-four (74) years old, 21.051. in violation of the Age Discrimination in Employment Act.

## COUNT 5: TCHRA  AGE  DISCRIMINATION

27.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

28.     Defendants intentionally engaged in unlawful employment practices involving Plaintiff because of his age (seventy-four (74) years old).

29.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's age (seventy-four (74) years old), in violation of Texas Labor Code § 21.051

## COUNT 6: ADEA RETALIATION

30.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

31.     Defendants intentionally retaliated against Plaintiff because he complained to Defendants and the EEOC about national origin discrimination and age discrimination, in violation of Chapter 21 of the Texas Labor Code.

## COUNT 7: TCHRA RETALIATION

32.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

33.     Defendant intentionally retaliated against Plaintiff because he complained to Defendant and the EEOC about national origin discrimination and age discrimination, in violation of Chapter 21 of the Texas Labor Code.

## COUNT 8: VIOLATION SETTLEMENT AGREEMENT

34.     Settlement Agreement between Joseph Chhim and City of Houston showed the agreement put on the record in front of Judge Rosanthal or her designated magistrate

with all parties present.. On Settlement Agreement's above Exhibit-C, page No.4 had

engaged that " I understand and agree that the City and the Department of Aviation do

not admit any fault in any matter and that this settlement is only to make peace and

allow me to start fresh in my new position. The City of Houston breached of contract Settlement

Agreement because when Chhim applied different positions and has been qualified , but Luna

Nelson General Service Department ("GSD") did not refer Chhim 's application to recruiter

as hiring Department the reason it was founded Chhim was terminated in 1995 by performance

which is breached the agreement because Chhim and the City of Houston both agreed that

the above settlement agreement is only to make peace and allow me to start fresh in my

new position after applying and qualified. ( See above Exhibit – C Page No.4 Paragraph no. 2 }

## JURY DEMAND

35.    Plaintiff demands a jury on all issues to tried be tried this matter. Plaintiff has

submitted the jury demand and herein requests no jury fees.

36.    WHEREFORE, PREMISES CONSIDRED, Plaintiff prays that Defendant be cited

to appear and answer herein, and that on final trial, Plaintiff has submitted the jury

demand and herein, and that on final trial, Plaintiff has judgment against Defendant for:

      a.     Hiring to full Custodian opportunities as younger applicants were hired.;

      b.     All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensated benefits not received:

      c.     Past physical pain and mental suffering;

      d.     Present physical pain and mental suffering;

9

e.      Future physical pain and mental suffering;

f.      Compensatory damages, including , but not limited to emotional distress;

g.      Reasonable attorney's fees as allowed by law, with conditional awards in the event of appeals.

h.      Pre-judgment interest at the highest rate by law ;

.I.      Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by Original Complaint or by proper amendment thereto.


Respectfully submitted.


Joseph Chhim, Pro Se
5634 Windsor Forest Dr.
Houston, Texas 77088
Telephone: 832-855-6753
Email: chhimjoseph100@gmail.com

10

EXHIBIT "A"

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Joseph Chhim<br>5634 Windsor Forest Dr.<br>Houston, TX 77088 | From: | Houston District Office<br>Mickey Leland Building<br>1919 Smith Street, 7th Floor<br>Houston, TX 77002 |

☐     *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 460-2020-00520 | Jose T. Vega,<br>Investigator | (713) 651-4941 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Rayford O. Irvin,
District Director

10/28/2019
*(Date Mailed)*

Enclosures(s)

cc:
| Susana Sosa<br>Legal<br>CITY OF HOUSTON<br>City Hall Annex, 900 Bagby, 3rd Floor<br>Houston, TX 77001 | Lowell Keig, Director<br>TWC/Civil Rights Division<br>101 East 15th Street, Room 144T<br>Austin, TX 78778 |

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EXHIBIT "B"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 460-2020-00520 |

| Texas Workforce Commission Civil Rights Division | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Joseph Chhim | ~~(281) 820-5270~~ <br> (832) 855-6743 | 1945 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 5634 Windsor Forest Dr., Houston, TX 77088 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| CITY OF HOUSTON | 500 or More | (832) 393-8900 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 611 Walker Street,  Houston, TX 77002 | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN

☒ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 07-26-2019 | 07-26-2019 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.    I Joseph Chhim (Over 40 years of age, Asian / Cambodian) applied for a position with the City of Houston.  Specifically, I applied for a Custodian position on July 26, 2019.

II.    Despite my extensive experiences, I have been repeatedly denied for any employment opportunities by Respondent.

III.    I believe I have been discriminated against because of my race (Asian), national origin (Cambodian), in violation of Title VII of the Civil Rights Act of 1964, as amended, and because of my age (74), in violation of the Age Discrimination in Employment Act of 1967, as amended.  I further believe I have been retaliated against for filing previous EEOC Charges against Respondent, in violation of the above statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| Oct 28, 2019          *Joseph Chhim* <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please notify EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EXHIBIT "C"

## Settlement Agreement

This Settlement Agreement is between the City of Houston ("the City") and Joseph Chhim ("Chhim").

WHEREAS, Chhim filed a suit styled *Chhim v. City of Houston*, in the Southern District of Texas (Civil Action No. H-93-1634)(the "Lawsuit"), in which Chhim makes certain allegations;

WHEREAS, the City denies the allegations in the Lawsuit;

WHEREAS, Chhim has recently received a new offer of employment with the City of Houston;

WHEREAS, the parties wish to disentangle themselves from each other and have agreed to settle all existing and past disputes between them, including but not limited to the Lawsuit, so that each party may have peace;

NOW THEREFORE, in consideration of the mutual promises and agreements contained below, the parties agree as follows:

1.   The City will pay Chhim a sum of $5000 (Five thousand dollars) as promptly as possible.

2.   Chhim will withdraw all charges he has previously filed with the Equal Opportunity Employment Commission ("EEOC") that are still being considered by that agency.

3.   To the extent the EEOC has authorized Chhim to sue on any charge he previously filed with the EEOC, Chhim agrees not to file any lawsuits against the City arising out of those charges.

4.   Chhim agrees not to file any further charges with the EEOC against the city arising from any action or conduct by the City before October 26, 1994.



(EX-A)

5.   Chhim agrees to dismiss, with prejudice, the lawsuit styled *Chhim v. Texas Workers Compensation Commission and the City of Houston* (Case Number 634974) in Harris County Court at Law No. 2.

6.   Chhim agrees to dismiss the Lawsuit with prejudice.

7.   Chhim agrees to withdraw his appeal of the case styled *Chhim v. City of Houston*, Consolidated Civil Action Nos. H-90-1760 and H-90-374, which is currently on appeal to the Fifth Circuit Court of Appeals (Cause No. 94-20037).

8.   Chhim agrees never to apply for a job in the Aviation Department in the City of Houston.   This agreement in no way prevents Chhim from applying for a new job or from seeking a transfer or promotion to a new job in any department of the City other than the Aviation Department.

9.   Chhim agrees to execute the release attached as Exhibit A.

10.  The City agrees to release Chhim from all lawsuits, claims, or appeals of any kind that it has against Chhim arising out of any actions or conduct of Chhim prior to October 28, 1994.

11.  Both parties agree that the terms of this settlement will remain confidential.   Both parties agree not to make any statement that would reveal any term of this Agreement, except to say that the case has settled on terms satisfactory to all parties.

12.  The City agrees not to revoke Chhim's current offer of employment with the City.

13.  The parties, without conceding liability in any way, agree that the settlement payment by the City in the amount of $5000 is designed to compensate Chhim for whatever personal injury

damages he has suffered as a result of any actions by the City, which Chhim complains of, or could have complained of, in the Lawsuit.

14.   The parties agree that the terms and conditions of this agreement will be put on the record in front of Judge Rosenthal or her designated magistrate judge with all parties present.

15.   Chhim agrees that once this Agreement is signed and finalized, he will give the City his approval for it to file the necessary documents with the appropriate courts and agencies to dismiss or withdraw the cases and charges described above.

16.   Each of the parties agrees to bear its own attorneys fees and costs incurred in connection with each case and controversy described in this agreement.

17.   Both parties agree that Judge Rosenthal will have continuing jurisdiction over this Settlement Agreement and its terms.

JOSEPH CHHIM, for himself          MARCUS DOBBS, for all defendants
                                   and the City of Houston

JHP-104982-jhp

*Exhibit A*

<u>RELEASE</u>

    I, JOSEPH CHHIM, have agreed to accept the sum of FIVE THOUSAND DOLLARS ($5,000.00), in cash to be paid by the CITY OF HOUSTON, TEXAS for the RELEASE of the CITY OF HOUSTON and its employees from all lawsuits, claims or appeals of any kind that I have against the City or the Department of Aviation that arose before October 20, 1994.  This is a full release to settle all claims and legal issues between us that have occurred before October 20, 1994.

    I understand and agree that the City and the Department of Aviation do not admit any fault in any matter and that this settlement is only to make peace and allow me to start fresh in my new position.

    I have agreed to the settlement and release based upon my own thoughts and feelings. I could consult with anyone I chose before entering into this release and letter agreement.  Mr. Peacock has only advised me regarding the matter styled *Chhim v. City of Houston* (Civil Action No. H-93-1634).  I am not relying on any statements made by the City in agreeing to this settlement.

    Everything we have agreed to is contained in the Settlement Agreement.  There are no additional agreements not contained in the Settlement Agreement.  I freely and willingly agree to this release of all my claims and lawsuits against the City and the Department of Aviation (prior to October 20, 1994) as well as those other agreements contained in the Settlement Agreement.

    EXECUTED on this the ___20___ day of October, 1994.

<u>JOSEPH CHHIM</u>