UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
October 20, 2020
David J. Bradley, Clerk

Joseph Chhim, §
　§
　　　Plaintiff, §
　§
versus §　　　Civil Action H-20-361
　§
City of Houston, et al., §
　§
　　　Defendants. §

## Opinion on Summary Judgment

1. *Introduction.*

　　Joseph Chhim sued the City of Houston and Lula Nelson for: (a) breach of settlement, (b) age discrimination, (c) national origin discrimination, and (d) retaliation. The City of Houston has moved for summary judgment saying it did not breach the settlement; no decision-makers were aware of his age, national origin, or protected activity; and no relevant adverse employment action occurred.

　　Because Chhim cannot show that the City breached the settlement, discriminated against him, or retaliated against him, he will lose.

2. *Background.*

　　Chhim was hired in 1981 in the City's Aviation Department. Over the next 11 years, the City had to counsel, report, and suspend Chhim multiple times for sleeping on the job, arriving late, leaving early, and failing to follow instructions.

　　In February 1990, the City offered to pay for him to have English lessons, but Chhim declined. In November 1992, Chhim quit because he was depressed after interpreting the City's offer for English lessons as discrimination.

In May 1993, Chhim filed a discrimination suit against the City. The case settled with the City paying him $5,000.00 and agreeing to allow Chhim to apply for other jobs with the City outside of the Aviation Department.

In October 1994, he was rehired as a lead janitor at the Civic Center. In July 1995, Chhim was terminated because of his performance issues.

In July 2019, Chhim applied for a janitor job in the General Services Department. Of the 196 applications received, his was one of 21 referred to Assistant Director Warren Davis and Senior Superintendent Walter Ellis for review. Chhim was not selected for an interview because of his termination in 1995. The City hired Aracelly Bocanegra to fill the job.

On October 21, 2019, Chhim filed a complaint with the Equal Opportunity Employment Commission.

3. *Statute of Limitations.*

A person has 300 days from the discriminatory act to file a complaint with the Commission. Therefore, all acts that occurred before December 25, 2018 are barred by the statute of limitations and will not be considered.

4. *Breach of Settlement.*

Chhim says that the City breached the settlement when it did not select his application for an interview because of his 1995 termination. He claims the settlement did not admit any fault by either side. Chhim seems to argue this fault includes his 1995 termination. Even if that termination is included as the fault of either party, the 1994 settlement would not apply to his 1995 termination because the firing occurred after the settlement.

Chhim also argues the settlement entitles him to the right to an *interview* for any position that he applies for with the City. The settlement allowed Chhim to *apply* for positions with the City outside of the Aviation Department. Chhim seems to confuse applying with interviewing. No language in the settlement mandates the City to interview Chhim.

Because Chhim cannot show the City violated the settlement, his breach of settlement claim fails.

5. *Age Discrimination.*

To succeed on an age discrimination claim, Chhim must show that (a) he is a member of a protected class, (b) he was qualified for his position, (c) he suffered an adverse employment action, and (d) others in his position were favored because of their age.[1]

Chhim is seventy-four. While he is a member of the protected class, he has not shown the other elements of the claim.

Chhim claims the City did not hire him because of his age, yet he offers no facts in support. In fact, age is not included in the application.

The City hired Bocanegra for the janitor job. At fifty years old, she is in the same protected class as Chhim and is well within that protected class.

No adverse employment action occurred. He offers no facts to the contrary. Chhim was merely an applicant who was not interviewed because the City fired him in the past for performance troubles.

Because Chhim cannot show that he was discriminated against by the City based on his age, his age discrimination claim fails.

6. *National Origin Discrimination.*

To succeed on a national origin discrimination claim, Chhim must show that (a) he is a member of a protected class, (b) he was qualified for his position, (c) he suffered an adverse employment action, and (d) others in his position were favored because of their national origin.[2]

Chhim is ethnically Cambodian. He has been an American citizen since 1981. While he is a member of a protected class, he offers no evidence to support the claim other than conclusory statements of the law.

He says that the decision-makers for the City who reviewed his application were aware of his national origin because the settlement existed. He has not shown that these persons were actually aware of the settlement. The

---

[1] *E.g., Lee v. Kansas City S. Ry. Co.*, 574 F. 3d 253, 259 (5th Cir. 2009).

[2] *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

existence of the settlement is insufficient to show awareness. Chhim is unable to show that his national origin was a part of the decision process when his application was considered.

Because Chhim cannot show that he was discriminated against by the City based on his national origin, his national origin discrimination claim fails.

7. *Retaliation.*

To establish a retaliation claim, Chhim must show that (a) he engaged in a protected activity, (b) an adverse employment action occurred, and (c) a causal link exists between them.[3]

Chhim says he was retaliated against because he complained to the Commission. He does not offer facts or dates to support these claims. He vaguely refers to a petition for rehearing with the Fifth Circuit and Supreme Court in May 2020. Even if this formed the basis for the retaliation claim, it occurred after the decision to not refer him for an interview occurred. No causal link exists.

Chhim also cannot show that the City's justification for not interviewing him – that he was terminated by the City in 1995 – is illegitimate or retaliatory. He has offered no facts to show that the City's reason was pretextual.

Because Chhim cannot show the City retaliated against him, his retaliation claim fails.

8. *Conclusion.*

Because he cannot show that the City breached the settlement, discriminated against him, or retaliated against him, Joseph Chhim will take nothing from the City of Houston and Lula Nelson.

Signed on October 20, 2020, at Houston, Texas.

                                                              Lynn N. Hughes
                                        United States District Judge

---

[3] *Heggemeier v. Caldwell County, Texas*, 826 F.3d 861, 869 (5th Cir. 2016).